**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

RICH JOHNSON, individually and on behalf of all others similarly situated,

*Plaintiff*,

vs.

BOUNCE AI, INC.,

*Defendant*.
_______________________________________/

**CLASS ACTION**

**Case No.**

**JURY TRIAL DEMANDED**

## CLASS ACTION COMPLAINT

1. Plaintiff Rich Johnson brings this class action against Defendant Bounce AI, Inc., and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

## INTRODUCTION

2. Plaintiff, Rich Johnson ("Plaintiff"), brings this class action for damages resulting from Bounce AI, Inc.'s ("Bounce AI" or "Defendant") placement of debt collection text messages to Plaintiff's cellular phone after Plaintiff notified Defendant in writing that he wished Defendant to cease further communications with Plaintiff, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the

"FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72, *et seq.* (the "FCCPA").

3. Defendant is a debt collector. As part of its debt collection operations, Defendant sends consumers multiple debt collection text messages in an attempt to collect alleged debts, even after consumers have communicated in writing that they do not wish to receive further communications. This conduct also violates Florida's consumer collection practices laws.

4. Plaintiff is one such consumer. After receiving a series of debt collection messages from Defendant attempting to collect alleged debts owed to a third-party creditor, Plaintiff notified Defendant in writing that he wished Defendant to cease further communications with Plaintiff by responding "stop" to Defendant's debt collection text messages.

5. Nonetheless, Defendant continued to send Plaintiff debt collection text messages after Plaintiff communicated his desire to cease further communications.

6. Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful conduct in violation of the FDCPA and FCCPA, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of Plaintiff and the Class members. Plaintiff also seeks statutory damages under the FDCPA and FCCPA on behalf of Plaintiff and members of the Class, and any other available legal or equitable remedies.

7. Plaintiff seeks relief for himself, and all others similarly situated, for Defendant's unlawful behavior.

## JURISDICTION AND VENUE

8. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under the federal Fair Debt Collection Practices Act. *Mims v. Arrow Fin. Serv., LLC*, 132 S. Ct. 740, 751–53 (2012).

9. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because Plaintiff's state law claims form part of the same case or controversy as Plaintiff's federal claims.

10. The Court has personal jurisdiction over Defendant because Defendant, upon information and belief, conducts substantial business in this District, including the transmission of debt collection text messages to consumers located in this District.

11. Venue is proper in this District because the acts that give rise to Plaintiff's claims—including but not limited to Defendant's sending of text messages to Plaintiff—occurred within this District.

## PARTIES

12. Plaintiff is, and at all times mentioned herein was, an adult individual residing in Hillsborough County, Florida.

13. Plaintiff is a Florida resident and consumer entitled to the protections of the FCCPA and FDCPA.

14. Bounce AI, Inc. is a New York corporation with its principal place of business located at 333 Metro Park Ste, S-205, Rochester, NY 14623. Defendant is a collection agency whose principal purpose is the collection of debts, and it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

15. Fla. Stat. § 559.55(7) defines "debt collector" as "any person who uses any instrumentality of commerce within this state, whether initiated from within or outside this state, in any business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."

16. Defendant is a "debt collector" within the meaning of the FCCPA because Defendant's principal purpose is the collection of consumer debts, and Defendant regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, including the Debt owed to the Original Creditor.

**FACTS**

17. Plaintiff incurred an alleged debt (the "Debt") arising out of obligations allegedly owed to a third-party creditor (the "Original Creditor").

18. The Debt meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

19. The Debt is a "consumer debt" as defined under the FCCPA, arising from a transaction in which the money, property, insurance, or services that are the subject of the transaction are primarily for personal, family, or household purposes. *See* Fla. Stat. § 559.55(6).

20. Thereafter, the Original Creditor enlisted Defendant to collect the Debt on its behalf. Defendant meets the definition of "debt collector" under 15 U.S.C. § 1692a(6), as its principal purpose is the collection of debts and it regularly collects debts owed to another.

21. Defendant is a "debt collector" as defined under the FCCPA, Fla. Stat. § 559.55(7), whose principal purpose is the collection of consumer debts or who regularly collects or attempts to collect consumer debts.

22. On or about November 2025, Defendant began sending debt collection text messages to Plaintiff's cellular telephone, number ending in 3244, using the phone number 888-482-5060, in an attempt to collect the Debt.

23. The text messages identified Defendant as a debt collector, referenced the Original Creditor and the alleged balance owed. The messages directed Plaintiff to visit a website or call Defendant's phone number to resolve his account, and noted that they were attempts to collect a debt.

24. The messages Defendant sent to Plaintiff were substantially similar to one another and to messages Defendant sent to other consumers across the country.

25. On or about August 17, 2026, after receiving debt collection text messages from Defendant, Plaintiff notified Defendant in writing that he wished Defendant to cease further communications with Plaintiff by responding "stop" to Defendant's debt collection text messages, as shown below:




26. However, notwithstanding Plaintiff's written communication requesting that Defendant cease further contact, Defendant continued to send Plaintiff debt collection text messages to Plaintiff's cellular telephone demanding payment towards the Debt. These post-stop communications were sent on multiple occasions, including but not limited to September 2, 2026, as shown below:




27. Defendant's continued debt collection communications to Plaintiff, after Plaintiff communicated her desire to cease further communications, demonstrates Defendant's willful communications with Plaintiff with such frequency as can reasonably be expected to harass her, in violation of Fla. Stat. § 559.72(7).

28. Plaintiff's time was wasted tending to Defendant's communications sent after he communicated his request that Defendant cease further communications.

29. Moreover, Defendant's post-stop communications annoyed, frustrated, and angered Plaintiff.

30. Plaintiff's receipt of Defendant's unauthorized debt collection messages drained Plaintiff's phone battery and caused Plaintiff additional electricity expenses and wear and tear on his phone and battery.

31. Plaintiff is informed and believes that Defendant sent the same or similar communications to members of the putative Class after they asked Defendant to cease its debt collection communications.

32. Defendant's communications caused Plaintiff and the Class members harm, including wasted time responding to the texts, violations of their statutory rights, trespass, annoyance, nuisance, invasion of their privacy, and intrusion upon seclusion.

## CLASS ACTION ALLEGATIONS

### A. The Proposed Class

33. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and all others similarly situated.

34. Plaintiff brings this case on behalf of the following Classes:

> **FDCPA Class: All persons within the United States to whom Credence Resource Management, LLC or its agent/s and/or employee/s sent a debt collection message to said person's cellular telephone within the**

**one-year period prior to the filing of the Complaint, after said person had previously communicated in writing a refusal to pay the debt and/or a request that Defendant cease further communication.**

**FDCCPA Class: All persons in the State of Florida to whom Credence Resource Management, LLC or its agent/s and/or employee/s sent a debt collection message to said person's cellular telephone within the two-year period prior to the filing of the Complaint, after said person had previously communicated in writing a refusal to pay the debt and/or a request that Defendant cease further communication.**

35. Plaintiff reserves the right to modify the Classes definition as warranted as facts are learned in further investigation and discovery.

36. Defendant and its employees or agents are excluded from the Classes. Plaintiff does not know the number of members in each Class but believes the class members number in the several thousands, if not more. Thus, this matter should be certified as a class action to assist in the expeditious litigation of this matter.

**B. Numerosity**

37. Upon information and belief, Defendant has placed debt collection communications to cellular telephone numbers belonging to thousands of consumers throughout the United States after receiving written communications asking it to cease contact. The members of the Classes, therefore, are believed to be so numerous that joinder of all members is impracticable.

38. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the class members is a matter capable of ministerial determination from Defendant's records.

### C. Common Questions of Law and Fact

39. There are questions of law and fact common to the Classes that predominate over any questions affecting only individual Class members. These questions include:

a) Whether Defendant sent debt collection text messages to Plaintiff and Class members' cellular telephones after being advised in writing to cease communications;

b) Whether Defendant's practice of sending debt collection communications to consumers after being asked to cease doing so violates the FDCPA;

c) Whether Defendant's practice of sending debt collection communications to Florida consumers after being asked to cease doing so violates the FCCPA, Fla. Stat. § 559.72(7);

d) Whether Defendant willfully communicated with Plaintiff and Florida Class members with such frequency as can reasonably be expected to harass;

e) Whether Defendant is liable for damages, and the amount of such damages; and

f) Whether Defendant should be enjoined from such conduct in the future.

40. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely places debt collection communications to telephone numbers assigned to cellular telephone services after

being asked to cease communications is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**D. Typicality**

41. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**E. Protecting the Interests of the Class Members**

42. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Classes and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Classes.

**F. Proceeding Via Class Action is Superior and Advisable**

43. A class action is the superior method for the fair and efficient adjudication of this controversy. Congress specifically provided, at 15 U.S.C. § 1692k, for the commencement of class actions as a principal means of enforcing the FDCPA. Similarly, the FCCPA provides for class action lawsuits under Fla. Stat. § 559.77(2). In addition, the interest of Class members in individually controlling the prosecutions of separate claims against Defendant is small because it is not economically feasible for Class members to bring individual actions.

44. Absent a class action, most members of the class would find the cost of litigating their claims to be prohibitive and, therefore, would have no effective remedy at law.

45. The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

46. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the court and the litigants and promotes consistency and efficiency of adjudication.

47. Prosecution of separate actions could result in inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Defendant and other debt collectors. Conversely, adjudications with respect to individual class members would be dispositive of the interest of all other class members.

48. The amount of money at issue is such that proceeding by way of a class action is the only economical and sensible manner in which to vindicate the injuries sustained by Plaintiff and the other members of the Class.

**COUNT I**
**Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692c(c)**
**(On Behalf of Plaintiff and the Class)**

49. Plaintiff repeats and realleges paragraphs 1 through 48 of this Complaint and incorporates them herein by reference.

50. The FDCPA, 15 U.S.C. § 1692c(c), provides that "[i]f a consumer notifies a debt collector in writing . . . that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except—(1) to advise the consumer that the debt collector's further efforts are being terminated; (2)

to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or (3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy."

51. Plaintiff and members of the putative class each notified Defendant in writing that they wished Defendant to cease further communications by communicating in writing their desire that Defendant cease further contact, but Defendant nonetheless proceeded to send Plaintiff and members of the putative class subsequent debt collection text messages.

52. Moreover, Defendant's subsequent post-stop messages sought to collect consumers' debts and demanded payments from Plaintiff and members of the putative class; the messages did not advise that Defendant's further efforts were being terminated nor did they state that Defendant may invoke specified remedies which are ordinarily invoked by Defendant or notify Plaintiff or members of the putative class that Defendant intended to invoke a specified remedy.

53. By virtue of the foregoing, Plaintiff is entitled to recover damages as prayed for herein.

**COUNT II**
**Violations of the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72(7)**
**(On Behalf of Plaintiff and the FDCCPA Class)**

54. Plaintiff repeats and realleges paragraphs 1 through 48 of this Complaint and incorporates them herein by reference.

55. The FCCPA, Fla. Stat. § 559.72(7), provides that in collecting consumer debts, no person shall "[w]illfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family."

56. After Plaintiff communicated in writing her desire that Defendant cease further communications, Defendant willfully continued to send debt collection communications to Plaintiff with such frequency as can reasonably be expected to harass Plaintiff, in violation of Fla. Stat. § 559.72(7).

57. Defendant's conduct was willful, as Defendant acknowledged receipt of Plaintiff's cease communication request yet continued to send debt collection messages.

58. The FCCPA provides a private right of action to any debtor against a person violating the provisions of Fla. Stat. § 559.72. Specifically, Fla. Stat. § 559.77(1) provides that "[a] debtor may bring a civil action against a person violating the provisions of s. 559.72 in the county in which the alleged violator resides or has his or her principal place of business or in the county where the alleged violation occurred."

59. Fla. Stat. § 559.77(2) states, in part: "Any person who fails to comply with any provision of s. 559.72 is liable for actual damages and for additional statutory damages as the court may allow, but not exceeding $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff."

60. Further, Fla. Stat. § 559.77(2) states ". . . In a class action lawsuit brought under this section, the court may award additional statutory damages of up to $1,000 for each named plaintiff and an aggregate award of additional statutory damages up to the lesser of $500,000 or 1 percent of the defendant's net worth for all remaining class members; however, the aggregate award may not provide an individual class member with additional statutory damages in excess of $1,000."

61. Based on Defendant's conduct described above, Plaintiff and the Florida Class are entitled to recover damages as prayed for herein.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays that the Court grant Plaintiff and the Class the following relief against Defendant:

a) Actual and statutory damages as provided under the FDCPA, pursuant to 15 U.S.C. § 1692k;

b) Actual and statutory damages as provided under the FCCPA, pursuant to Fla. Stat. § 559.77(2);

c) Punitive damages as the Court deems appropriate pursuant to Fla. Stat. § 559.77(2);

d) An award of attorneys' fees and costs to counsel for Plaintiff pursuant to Fla. Stat. § 559.77(2);

e) Injunctive relief enjoining Defendant from further violations of the FCCPA;

f) An award of attorneys' fees and costs to counsel for Plaintiff pursuant to 15 U.S.C. § 1692k(a)(3); and

g) Such other relief as the Court deems just and proper.

**<u>JURY DEMAND</u>**

Plaintiff hereby demands a trial by jury.

**<u>DOCUMENT PRESERVATION DEMAND</u>**

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases, or other itemization of telephone numbers associated with Defendant and the communication or transmittal of the text messages as alleged herein.

Dated: September 15, 2026

Respectfully submitted,

**Shamis & Gentile, P.A.**
*<u>/s/ Christopher Berman</u>*
Christopher Berman, Esq.
Florida Bar #1010654
cberman@shamisgentile.com
14 NE 1st Ave., Suite 705
Miami, Florida 33132
Telephone: 305-479-2299

*Counsel for Plaintiff and the Classes*